**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gwendolyn Smith,<br><br>    Plaintiff,<br><br>vs.<br><br>Robert N. Hoskyns, D.M.D., d/b/a Belladontia Dental Renewal,<br><br>    Defendant. | No. CV-10-531-PHX-GMS<br><br>**ORDER** |

On March 8, 2010, Plaintiff Gwendolyn Smith filed a *pro se* complaint against Defendant. (Doc. 1.)

On July 28, 2010, Defendant moved to dismiss this action pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(4) and 12(b)(5) for lack of process. (Doc. 11.)

As of August 24, 2010, Plaintiff has failed to file a response to the Motion. Local Rule 7.2(c) provides that "[t]he opposing party shall . . . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum" to a defendant's Motion to Dismiss. Plaintiff has not filed a timely responsive memoranda to Defendant's Motion to Dismiss, nor has she sought extensions of time to do so. Under the Local Rules, if a party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 53– 54 (9th Cir. 1995) (holding that district court did not abuse its discretion in

summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to motion but failed to do so).

**IT IS THEREFORE ORDERED** that Plaintiff shall file and serve a responsive memorandum to Defendant's Motion to Dismiss on or before **September 8, 2010**. Should Plaintiff fail to comply, the Court may deem Plaintiff's failure to oppose the Motion as a waiver, and may grant the motion on that basis.

DATED this 25th day of August, 2010.

G. Murray Snow
United States District Judge