**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gwendolyn Smith, | No. CV-10-531-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Robert N. Hoskyns, D.M.D., d/b/a Bella Dontia Dental Renewal, | |
| Defendant. | |

Pending before the Court is a Motion to Dismiss (Doc. 11) for lack of timely process pursuant to Federal Rule of Civil Procedure 4(m) filed by Defendant Robert N. Hoskyns ("Hoskyns"). For the following reasons, the Court denies Defendant's Motion.

**BACKGROUND**

Rule 4(m) provides the following:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed her Complaint on March 8, 2010. To comply with Rule 4(m), service had to be made by July 6, 2010. It is unclear, however, whether Defendant was served on July 6, 2010 or July 7, 2010. The proof of service on record is internally inconsistent because it indicates "07/06/2010" as the date of service at the top of the document, but then states

"07/07/2010" in the two other date slots. (Doc. 10).[1]  In addition, Defendant supplies the sworn declaration of Lee Christensen, who attests to accepting service of the Complaint on July 7, 2010, as well as a sworn declaration from Chelsea Johnson, who declares being present when Lee Christensen accepted service of the Complaint on that day. (Doc. 14, Ex. 1).  In any event, the Court need not determine on which of the two days Defendant was served.

## DISCUSSION

Rule 4(m) provides that "the court must extend the time for service" upon a showing of "good cause" for the delay. "At a minimum, good cause means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). While maintaining that Defendant was timely served on July 6, 2010, Plaintiff asserts that there is good cause for any delay because Plaintiff, in good faith, "relied on a process server who attended law school with Plaintiff but is not a licensed attorney, who conducted service at her own expense entirely as a favor to Plaintiff, and whom Plaintiff would have believed not to have been capable of being careless about recording dates attesting to such service." (Doc. 13).  These facts do not constitute good cause. *See Hart v. United States*, 817 F.2d 78 (9th Cir. 1987) (secretarial misdeeds allegedly causing improper service were at best inadvertent error, and, therefore, were not good cause).

The Ninth Circuit has held, however, that district courts have broad discretion under Rule 4(m) to extend the time for service even without a showing of good cause. *See United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).  This holding is consistent with the Advisory Committee Notes to Rule 4(m), which state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)]

---

[1] The Court disregards Plaintiff's reliance on a handwritten proof of service referencing "6/6/2010" and "6/7/2010" as the service dates because this document was never filed with the Court. (Doc. 13).

1 even if there is no good cause shown." When deciding whether to exercise its discretion 2 under Rule 4(m), the Court may consider factors such as "a statute of limitations bar, 3 prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v.* 4 *Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007) (citing *Troxell v. Fedders of N. Am., Inc.*, 160 5 F.3d 381, 383 (7th Cir. 1998)). Although the Court finds that there is no good cause for 6 Plaintiff's failure to effect service within 120 days, the Court will exercise its discretion to 7 retroactively extend the period for service of process through July 7, 2010, one day beyond 8 the prescribed 120-day period. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 9 2003) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the 10 complaint *after* that 120-day period."); *cf. Henderson v. United States*, 517 U.S. 654, 661 11 (1996) (concluding that "the 120-day provision operates not as an outer limit subject to 12 reduction, but as an irreducible allowance").  Accordingly, the Court exercises its discretion 13 to extend the time to serve because of the ambiguity surrounding the service dates included 14 within the proof of service, the fact that there was eventual service one day later, and that 15 Defendant has identified no prejudice resulting from the one-day delay.

16 The Court need not consider Defendant's statute of limitations argument with respect 17 to medical malpractice actions because it was raised for the first time in the Reply. *See* 18 *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the 19 first time in [the] reply brief are deemed waived."); *Marlyn Nutracueticals, Inc. v. Improvita* 20 *Health Prods*., 663 F.Supp.2d 841, 848 (D.Ariz. 2009) ("The Court need not consider 21 Defendants' position, however, since it was first raised in their reply brief . . . Thus, even if 22 the argument has merit, this Court cannot appropriately consider it, since Plaintiffs did not 23 have the opportunity to respond.").

24 **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 11) is 25 **DENIED without prejudice**.

26 DATED this 6th day of January, 2011.

27
28
G. Murray Snow
United States District Judge

- 3 -