**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gwendolyn Smith, ) | No. CV-10-531-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Robert N. Hoskyns D.M.D., d/b/a Bella ) | |
| Dontia Dental Renewal, ) | |
| ) | |
| Defendant. ) | |
| ) | |

     Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 33) and Defendant's Motion for Summary Disposition Re Defendants' Motion for Summary Judgment (Doc. 40). For the reasons discussed below, the Motion for Summary Judgment is granted and the Motion for Summary Disposition is denied as moot.

## BACKGROUND

     On February 6, 2007, Plaintiff Gwendolyn Smith was examined by Defendant Dr. Robert Hoskyns in relation to her request for dental treatment. Defendant proposed a treatment plan for her with a cost of around $70,000. Plaintiff arranged for this treatment to be paid for through a loan arranged by her law school's financial aid office. In March 2007, however, after a series of unpleasant interactions with Plaintiff, Defendant dismissed Plaintiff as a patient. He never performed any of the proposed treatment or received any funds from Plaintiff or from her law school.

     Three years later, on March 8, 2010, Plaintiff filed her Complaint in this action, bringing seven claims against Dr. Hoskyns. She has characterized six of these claims as

1 breach of contract claims. (Doc. 15 at 3). Her seventh claim is for medical malpractice.

2 On October 25, 2010, Defendant filed for Chapter 7 Bankruptcy. During the bankruptcy proceedings, Plaintiff's breach of contract claims against Defendant were discharged. (Doc. 31, Ex. 1 at 4).

5 On January 4, 2012, Defendant moved for summary judgment in this Court on Plaintiff's remaining, medical malpractice claim. (Doc. 33). Although the Court has warned Plaintiff that her failure to respond to Defendant's motion "may be deemed consent to the . . . granting of the motion," Plaintiff has nonetheless failed to respond to Defendant's motion. (Doc. 37).

**DISCUSSION**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Given that the Bankruptcy Court's has already discharged Plaintiff's breach of contract claims, the only claim which remains to be decided is Plaintiff's claim for medical malpractice. In the state of Arizona there is a two-year statute of limitations for medical malpractice claims. A.R.S. § 12-542(1). Plaintiff brought her claim in March 2010 – three years after Defendant's alleged medical malpractice. (*See* Doc. 1). Because Plaintiff's claim was not filed within the limitations period, Defendant is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 33) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Disposition Re Defendants' Motion for Summary Judgment (Doc. 40) is **denied as moot**. The Clerk of Court is directed to **terminate this action**.

DATED this 17th day of May, 2012.

/G. Murray Snow
United States District Judge